UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.T.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No. 2:23-cv-00864-CKD<br><br><br>ORDER |

　　　　Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. ECF No. 22. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

　　　　On November 30, 2020, an application for SSI was filed on behalf of the claimant, a minor child, alleging disability beginning July 7, 2017, when the child (K.T.) was four years old. Administrative Transcript ("AT") 25, 28. As of the hearing date, April 6, 2022, K.T. was nine years old and attending third grade. AT 48. K.T testified at the hearing, answering questions

about his school, sports, friends, household chores, and other activities.  AT 48-54.  At the close of his testimony, the ALJ remarked that he was a "confident" and "very engaging young man." AT 54.  Next, K.T.'s grandmother testified.  AT 54-64.  She testified that K.T.'s problems were "behavioral, . . . not academic" (AT 58) and that he took things that didn't belong to him, "lies a lot," and was violent with his siblings.  AT 57, 61. She testified that K.T.'s "bad days" occurred around three times a week, while "some weeks are better than others and there are times when the whole week could be bad." AT 57.  She testified that he was on medication that improved his behavior for "five to eight months," but it stopped working in "the last couple of months."  AT 60-61.  She testified that "he's sweet as pie outside, but then you have all these vicious things going on behind closed doors."  AT 62.

In a decision dated April 26, 2022, the ALJ determined that plaintiff was not disabled. AT 25-32.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant was born [in] 2013.  Therefore, he was a school-age child on November 30, 2020, the date the application was filed, and is currently a school-age child.
>
> 2. The claimant has not engaged in substantial gainful activity since November 30, 2020, the application date.[1]
>
> 3. The claimant has the following severe impairment: attention deficit hyperactivity disorder (ADHD).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 6. The claimant has not been disabled, as defined in the Social Security Act, since November 30, 2020, the date this application was filed.

AT 28-38.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled:  (1) the ALJ erred in concluding that plaintiff's mental impairments did not functionally equal the listings; and (2) the ALJ erred in finding the subjective statements of plaintiff's legal

---

[1] The ALJ noted that, because claimant is a minor, substantial gainful activity is not applicable.  AT 28.

2

guardian less than fully credible.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

RELEVANT LAW

SSI is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a; Department of HHS v. Chater, 163 F.3d 1129, 1133 (9th Cir. 1998) ("The Social Security Act directs the Commissioner of the Social Security Administration to provide benefits to all individuals who meet the eligibility criteria"). An individual under the age of 18, is "disabled" if he meets two criteria, set forth at 42 U.S.C. § 1382c(a)(3)(C)(i):

> First, he must have an impairment that results in marked and severe functional limitations. He satisfies this criterion if his impairment matches one of those described in the Listing [Listing of Impairments, 20 CFR Pt. 404, Subpart. P, App. 1]. Second, the impairment must have lasted or can be expected to last for a continuous period of at least 12 months.

Merrill ex rel. Merrill v. Apfel, 224 F.3d 1083, 1085 (9th Cir. 2000); see also, 20 CFR § 416.906 ("Basic definition of disability for children").  "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995) (citing Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992)); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir.1996).  This burden requires a showing that the minor has an impairment listed in the regulations, and that he has met the duration requirement.  See 20 C.F.R. § 416.924(a), 416.924(d)(2).

The Commissioner has established a three-step sequential evaluation process for the ALJ to follow when considering the disability application of a minor claimant.  20 C.F.R. § 416.924(a); see, e.g., Rose v. Colvin, 2013 WL 5476513, at *2 (E.D. Cal. 2013) (applying the three-step sequential evaluation process in a child disability case).

> Step one: Is the claimant engaging in substantial gainful activity?  so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 416.924(a)

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three. If not, the claimant is not disabled.

Id., § 416.924(a), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled. If not, the claimant is not disabled.

Id., § 416.924(a), (d).

Step Three encompasses two analytical steps.  First, it must be determined whether the claimant's impairment meets or medically equals a Listing.  Second, the impairment must also satisfy all of the criteria of the Listing.  20 C.F.R. § 416.925(d).  The mere diagnosis of an impairment in the Listing is insufficient, without more, to sustain a finding of disability.  Young

v. Sullivan, 911 F.2d 180, 183 (9th Cir.1990); Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir. 1985). If the claimant does not meet or medically equal a Listing, he may still be considered disabled if an impairment results in limitations that "functionally equal the listings." 20 C.F.R. § 416.926a(a).

In determining whether the severe impairment functionally equals the listings, the ALJ must assess the claimant's functioning in six "domains." The "domains" are broad areas of functioning that are "intended to capture all of what a child can and cannot do." Id., § 416.924a(b)(1). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To "functionally equal" the listings, the impairment must result in "marked" limitations in two domains or an "extreme" limitation in one domain. Id., § 416.926a(a), (d). In making this assessment, the ALJ looks at "how appropriately, effectively, and independently" the claimant performs his activities "compared to the performance of other children [the claimant's] age who do not have impairments." Id., § 416.926a(b).

A minor has a "marked" limitation in a domain if his impairment "interferes seriously" with his "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). The regulations also provide that "marked" limitations means a limitation that is "more than moderate" but "less than extreme." Id. A minor has an "extreme" limitation in a domain if his impairment "interferes very seriously" with his "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). However, "extreme" limitation does not mean a "total lack or loss of ability to function." Id.

DISCUSSION

A.  Mental Impairments

Plaintiff first argues that K.T. met the requirements for disability under section 112.00 of the listings, including listing 112.11 (ADHD).

The ALJ determined that K.T. did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment under section 112.11. AT 28.

5

Specifically, the ALJ found that K.T. had

- No limitation with understanding, remembering, or applying information
- Moderate limitation in interacting with others[2]
- Moderate limitation in concentration, persistence, and pace[3]
- Moderate limitation in adapting or managing oneself[4]

AT 29. In support of finding K.T. moderately limited in interacting with others, the ALJ wrote:

> The record suggests he has some difficulty with relationships, problems related to social environment and manipulative antisocial behaviors. However, claimant was also found to be outgoing, friendly, and plays well with peers. In addition, when psychologically examined, he presented as friendly and cooperative and engaged socially with the examiner.[5]

AT 29 (some record citations omitted).

Plaintiff argues that K.T.'s limitation in the three last areas were marked (or, in the case of interacting with others, extreme), such that he met Listing 112.11. ECF No. 13 at 12. Plaintiff cites various evidence, including a school psychologist's report of a September 2018 incident in which K.T. poked a classmate in the hand with a pencil (it didn't break the skin or leave a mark) and an October 2019 incident in which he pushed one student and kicked another in the leg. AT 316-317. However, the school psychologist who evaluated K.T. in October 2019, when K.T. was six years old, also noted that he "has made great improvements in his behavior from the beginning of the school year" and that "[t]here are no significant issues with behavior that may

---

[3] Citing evidence of hyperactivity and impulsiveness, but also AT 399 (8/31/21 psychological evaluation noting K.T. "had no trouble with attention and focus or hyperactivity and was on medication.").

[4] The ALJ continued: "He does have some behavior problems, but he is able to care for his basic needs. He navigates the school campus independently." AT 29 (record citations omitted).

[5] Citing AT 301 (11/14/21 IEP Team Meeting Notes, noting that K.T.'s ADHD symptoms had "greatly improved" on medication and he "follows along and gets along well with peers"), AT 399 (8/31/21 psychological evaluation, noting that K.T. "presented as friendly and cooperative and engaged socially").

have impacted [his] educational program." AT 316-317.  By 2021, school evaluations indicated that K.T.'s abilities as to concentration, persistence, and pace had improved on medication.  AT 301, 399.  Despite assorted behavioral incidents in the record and K.T.'s grandmother's complaints about his behavior at home[6], plaintiff has not shown "marked" or "extreme" limitations that meet the 12-month durational requirement.

Plaintiff alternatively argues that K.T. functionally equaled the severity of listing 12.11 due to his extreme limitation in interacting and relating with others.

The ALJ determined that K.T. did not have an impairment or combination of impairments that functionally equaled the severity of the listings.  AT 30.  As to the six functional equivalence domains, the ALJ found as follows regarding limitations caused by K.T.'s impairments:

- No limitation in acquiring and using information (AT 34)
- Less than marked limitation in attending and completing tasks (AT 35)
- **Less than marked limitation in relating with others** (AT 35)
- No limitation in moving about and manipulating objects (AT 36)
- Less than marked limitation in the ability to care for himself (AT 37)
- No limitation in health and physical well-being (AT 38)

(Emphasis added).

As to the issue of "relating with others," the ALJ found:

> The claimant has less than marked limitations in interacting and relating with others.  The record suggests some conflicts at home but also doing well in school.  His grandmother's report of oppositional behavior was found objectively unsupported and medications were partially effective.[7]  Given her inconsistent reporting of his prior school behavior and there being no signs of problems in any other setting including the consultative examination, there is no evidence

---

[6] The ALJ found plaintiff's grandmother less than fully credible about the severity of plaintiff's mental and behavioral issues (AT 32), a subject addressed in the next claim.

[7] Earlier in his decision, the ALJ found: "There is also reports of behavior problems by grandmother of oppositional behavior but there is no objective evidence of this.  The claimant is in general education classes with no IEP/504 plan.  Functionally, the claimant's symptoms appear to be affected behavior at home but in the absence of actual school medical evidence of record and the fact claimant is in regular education, the impact of current symptoms is less than marked."  AT 32.

to support any severe social limitation.

AT 35. Insofar as plaintiff cites to the grandmother's testimony in support of the claim that plaintiff has marked limitations in relating to others, the ALJ discounted this testimony, as discussed below. The ALJ relied on the opinion of the consultative psychologist Dr. Ona Stiles, who found K.T. "moderately limited" in the ability to "integrate socially with peers and adults in an age-appropriate manner," as the ALJ found this opinion "consistent with the overall medical record that reflect moderate limits . . . due to some distraction due to ADHD symptoms." AT 32, citing AT 400. The ALJ also found "somewhat persuasive" the opinion of Disability Determination Services (DDS) reviewing physician Dr. N. Haroun, who in 2021 found K.T. to have less than marked limitation "with interacting and relating with others." AT 33, citing AT 73. The ALJ reasoned that this finding "was consistent with the overall medical evidence . . . that shows claimant could respond to usual school situations and maintain attention, and concentration when compliant with his medication." AT 33.

Though plaintiff argues for a different interpretation of the evidence, plaintiff has not shown that K.T. met or functionally equaled a listing for the 12-month durational requirement, and the ALJ's findings are supported by substantial evidence.

B. <u>Subjective Statements</u>

Plaintiff next claims that the ALJ erred by discounting the testimony of a lay witness, K.T.'s grandmother. The ALJ summarized her testimony as follows:

> [T]he claimant's grandmother testified . . . [h]e has ADHD and there are times when he is very hyperactive. She lets him vacuum to keep him occupied. In terms of personal care, she has to tell him when to take a shower, sometimes she has to tell him to get back in the shower . . . He takes medication in the morning and at night before he goes to bed. The medication helped for a while but it is not as effective now. . . . She also testified that claimant argues with his siblings and can become very violent with his siblings. He takes things that do not belong to him. He lies a lot. He is known to have good days and bad days regarding his behavior. He has a therapist . . . [H]e has ongoing issues and cannot control his impulses.

AT 31; see AT 55-64 (hearing testimony).

The ALJ found her statements about the intensity, persistence, and limiting effects of K.T.'s symptoms were not entirely consistent with the medical and other evidence. AT 31. In

discussing credibility, the ALJ noted that a November 2019 IEP evaluation found "no concerns in the area of academics" and "medication appeared to be helpful with claimant's behavior." AT 31, citing AT 298. The ALJ noted that, "[d]espite grandmother's testimony," K.T. was able to communicate well with peers and adults, enjoyed school, and that "[t]here are no current significant issues with behavior impacting [his] educational progress." AT 31 (record citations omitted). Acknowledging a violent incident at school in 2019, the ALJ also noted K.T.'s teacher's 2021 statement that, since taking medication, his behavior and social skills had improved and he was able to calm down quickly, work independently, engage in peer relationships, and had better impulse control. AT 31, citing AT 319.

After reviewing additional evidence, including an August 2021 consultative exam by Dr. Stiles noting that K.T. was on medication and had less than marked limitations in all functional areas (AT 32, citing AT 395, 400), the ALJ concluded:

> There are also reports of behavior problems by grandmother of oppositional behavior but there is no objective evidence of this. The claimant is in general education classes with no IEP/504 plan. Functionally, the claimant's symptoms appear to be affected behavior at home but in the absence of actual school medical evidence of record and the fact claimant is in regular education, the impact of current symptoms is less than marked.

AT 32.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); see also Lambert v. Saul, 980 F.3d 1266, 1277–78 (9th Cir. 2020).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341,

344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13.  When discounting subjective testimony, an ALJ must provide "specific, clear, and convincing *reasons* for doing so."  Wade v. Saul, 850 F. App'x 568, 569 (9th Cir. 2021) (emphasis in original), citing Lambert, 980 F.3d at 1277–78.  This standard does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony[.]"  Lambert, 980 F.3d at 1277.  However, an ALJ's detailed overview of the claimant's medical history—coupled with a nonspecific boilerplate conclusion that her testimony is "not entirely consistent" with her medical treatment—is not enough to satisfy the minimal requirements for assessing credibility.  Id. at 1277–78.

    Here, the ALJ considered the lack of objective evidence of impairment as severe as K.T.'s grandmother was claiming, including the absence of any serious behavioral or academic problems in school requiring an IEP program.  The ALJ also considered school reports that K.T.'s social behavior and ability to concentrate has significantly improved on medication, despite the grandmother's testimony that medication was not effective in controlling his behavior.  Because the ALJ used the proper process and provided proper reasons, including sufficiently explaining why specific evidence undermined the grandmother's testimony to some degree, the undersigned defers to his credibility finding.

////
////
////
////
////

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17) is granted; and

3. Judgment is entered for the Commissioner.

Dated:  September 29, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/kt865.order.ssi.ckd

11